```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

**RUDY CHESTANG, III**                                              **PLAINTIFF**

VS.                              CIVIL ACTION NO: 5:10-cv-67-DCB-JMR

**ALCORN STATE UNIVERSITY; ALCORN**
**STATE UNIVERSITY BOARD OF TRUSTEES;**
**AND DR. ALVIN SIMPSON, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY**                                    **DEFENDANTS**

<u>ORDER</u>

This Cause comes before the Court on Plaintiff Chestang's Motion to Alter or Amend Judgment [**docket entry no. 78**]. Chestang asks the Court to amend its earlier Order [docket entry no. 69] in which the Court granted Defendant Alvin Simpson's request to dismiss Chestang's equal protection claim. Simpson opposes this Motion as untimely and without merit. Having carefully considered said Motion, Simpson's response thereto, and being otherwise fully advised in the premises, the Court finds and orders as follows:

**I. Procedural History**

This Court entered an Order dismissing Chestang's equal protection claim on June 15, 2011 stating that he had failed to show that Simpson acted with a discriminatory purpose--an element crucial to his equal protection claim.[1] Eight days later, Chestang filed a Motion for an Extension of Time to File a Rule 59(e) Motion

---

[1] This Order was granted pursuant to Simpson's Rule 59(e) Motion to Alter or Amend, in which he correctly argued that the Court had made a error in law by not dismissing Chestang's equal protection claim in its May 17, 2011 Order.

to Alter or Amend Judgment, and the Court granted that Motion in its July 12, 2011 Order. Docket entry nos. 72, 77. Pursuant to that Order, thirty days after the Court dismissed Chestang's equal protection claim, Chestang filed the present motion with the Court, claiming, among other things, that the Court erred as a matter of law in dismissing his final claim.

Initially, Simpson failed to object to Chestang's request for an extension of time to file his Rule 59(e) Motion to Alter or Amend. However, shortly after Chestang filed his substantive Motion, Simpson correctly pointed out that the Court should not have granted Chestang's request for an extension of time because Federal Rule of Civil Procedure 6(b)(2) provides that a district court must not extend the time period to file a Rule 59(e) Motion. See also, e.g., Washington v. Patlis, 868 F.2d 172, 174 (5th Cir. 1989). Simpson now suggests that the proper course is to treat Chestang's Motion as a Rule 60(b) motion and apply its more stringent standard because, if the Court's extension was void, Chestang filed his Rule 59(e) Motion two days after the Rule's twenty-eight (28) day deadline had expired.

## II. Rule 59(e) Motion or Rule 60(b) Motion

In his instant Motion, Chestang is essentially asking this Court to reconsider its previous judgment dismissing his equal protection claim. The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the

Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e) or as a motion for relief from judgment under Rule 60(b). Williamson Pounders Architects, P.C. v. Tunica Co., 681 F. Supp. 2d 766 (N.D. Miss. 2008)(citing Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991)). Previously, it was understood that "[i]f the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). If it is filed and served after that time, it falls under the more stringent Rule 60(b)." Id. Recently, however, Rule 59 has been amended to allow a movant twenty-eight (28) days, not ten (10), to file a motion to alter or amend the judgment. See Fed. R. Civ. P. 59 (2009 Amendments). Accordingly, this Court considers a motion for reconsideration to be a Rule 59(e) motion if it is filed within that twenty-eight (28) day period, otherwise, the Court will treat the motion as a 60(b) motion. See, e.g., Bush v. Pearson, 2011 WL 2844192, at *1 (July 14, 2011).

There is no question that Chestang filed his Motion outside of twenty-eight (28) days provided by Rule 59(e) and normally the Court would not hesitate to consider the Motion under Rule 60(b). The present circumstance is of course complicated by the fact that Chestang relied on this Court's representation, albeit granted solely at Chestang's instance, when he filed his Motion two days late. Chestang advances the argument that the Court should uphold

3

its two-day extension under the "unique circumstances" doctrine, which permits a district court to extend the deadline under 6(b)(2) based on equitable tolling principles when a party reasonably and in good faith relies on a district court error.[2] See generally, Wright & Miller, Federal Practice and Procedure: Civil 3d § 1168. Courts, however, have held that reliance on a district court's unauthorized extension of time is not reasonable because a litigant could have noticed the mistake simply by scanning Rule 6. Pinion v. Dow Chemical, 928 F.2d 1522, 1534 (11th Cir. 1991); Panhort v. United States, 241 F.3d 367, 373 (4th Cir. 2001); Fogel v. Gordon & Glickson, P.C., 393 F.3d 727, 731 (7th Cir. 2004). Chestang's present position is largely of his own making, as he should not requested an extension of time to file the present motion; therefore, the Court declines to apply unique circumstances doctrine in this instance. The Plaintiff's Motion will be considered as Rule 60(b) Motion; however, this determination is of little consequence because even under the more relaxed Rule 59(e)

---

[2] The Supreme Court has limited the application of the unique circumstances doctrine, stating even in the unique circumstance that a party relies on a district court's error, the Court may not extend a deadline if that deadline is jurisdictional. See Bowles v. Russell, 551 U.S. 205 (2007); see also United States v. Petty, 530 F.3d 361, 364 n.5 (5th Cir. 2008); Wright & Miller, Federal Practice and Procedure: Civil 3d § 1168 (2011 Supplement). In this situation, however, the Court may at least consider applying the "unique circumstances doctrine" as the disputed extension of time does not implicate this Court's jurisdiction and arises under the Federal Rules of Civil Procedure, not a federal statute. See Bowles, 551 U.S. at 210-11.

standard, Chestang's argument fails.[3]

### III. Analysis

Federal Rule of Civil Procedure 60(b)(1)-(6) provides that a district court can grant relief from an earlier order only under limited, extraordinary circumstances. See Hernandez v. Thaler, 630 F.3d 420, 429 (5th Cir. 2011). Further, "a Rule 60(b) motion cannot substitute for an appeal." Scutieri v. Paige, 808 F.2d 785 (11th Cir. 1987) (citing Fackelman v. Bell, 564 F.2d 734, 735 (5th Cir. 1977)). The majority of Chestang's instant Motion oscillates between recounting the facts which underlie the Plaintiff's basic complaint and rehashing legal arguments that the Court has earlier rejected; indeed, the Motion appears to be a last-ditch appeal for the Court to reconsider the merits of his case, which was effectively ended against

---

[3] There are three potential grounds for the Court to alter or amend a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." Williamson Pounders Architects, P.C., 681 F. Supp. 2d at 767. Chestang maintains that the Court erred as a matter of law in dismissing his equal protection claim, or alternatively, the Court should alter its decision to prevent manifest injustice. Chestang, however, vaguely disputes the Court's earlier reason for dismissing the claim--that he failed to produce evidence of discriminatory conduct--with the blanket assertion that he could prove a pattern of discriminatory conduct if given the opportunity. See docket entry no. 78 ¶ 15. This conclusory statement is unsupported by his earlier pleadings. There is nothing in the record indicating that Simpson acted with a discriminatory purpose, and the Court may not rely on Chestang's conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Chestang has not shown that this Court has committed a clear error of law and has not shown that its decision is manifestly unjust, and therefore, under the Rule 59(e) standard, his request is meritless.

Simpson with the Court's last Order.

In particular, Chestang has failed to show that any of the specific circumstances warranting relief exist in the present case. He has not alleged any mistake, inadvertence, surprise, or excusable neglect, nor has he shown newly discovered evidence that could not have been discovered in time to move for reconsideration under Rule 59. See FED. R. CIV. P. 60(b)(1)-(2). Chestang has not presented to the Court any evidence of fraud, misrepresentation, or misconduct by the opposing party. See FED. R. CIV. P. 60(b)(3); see also Hesling v. CSC Transp., Inc., 396 F.3d 641 (5th Cir. 2005). And he has not suggested that this Court's judgment is void or that it has in some way been satisfied. See FED. R. CIV. P. 60(b)(5)-(6). As stated above, Chestang is essentially arguing that the Court erred as a matter of law in dismissing his claim, and case law is clear that a judgment cannot be considered void because of an error in the law. Gulf Coast Buldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, 460 F.2d 105, 108 (5th Cir. 1972).

Finally, Rule 60(b)'s catch-all provision, while perhaps most applicable to Chestang's Motion, is reserved for extraordinary circumstances. Thaler, 630 F.3d at 429. Chestang's plea that the Court alter its judgment to prevent "manifest injustice" is unavailing. The Court earlier found that Chestang failed to allege any facts to demonstrate that Simpson acted with a discriminatory animus, and Chestang has not alleged any facts that would upset that finding.

His suggestion that he will prove, if allowed to proceed with this claim, that Simpson's motive was gender-based is unfounded and is the sort of conclusory statement on which the Court may not rely. Iqbal, 129 S. Ct. at 1949. Nowhere in the Complaint does Chestang allege that Simpson acted in with a discriminatory intent or treated him differently because of his membership in a protected class, and there are no facts in the record or in the Complaint to support this allegation. Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) ("To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." (citations omitted)).

### III. Conclusion

Because no circumstances exist to warrant the Court's granting of Chestang's Motion, the Court finds that Chestang's Motion should be denied.  Further, because the Court has now dismissed all claims against Simpson, the Defendant's pending Motion for Entry of Judgment under Rule 54(d) [**docket entry no. 70**] will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion [**docket entry no. 78**] is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that the Defendant's Motion for Entry of Judgment [**docket entry no. 70**] is **GRANTED.**

**IT IS FURTHER HEREBY ORDERED** that a final judgment shall be

7

entered **DISMISSING WITH PREJUDICE** all claims against the Defendant.

**SO ORDERED AND ADJUDGED,** this the _17th_ day of November 2011.

                                       /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE