```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

**RUDY CHESTANG, III**                                          **PLAINTIFF**

VS.                      CIVIL ACTION NO: 5:10-cv-67-DCB-JMR

**ALCORN STATE UNIVERSITY; ALCORN
STATE UNIVERSITY BOARD OF TRUSTEES;
AND DR. ALVIN SIMPSON, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY**                                 **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendants' 12(b)(5) Motion to Dismiss for Insufficient Service of Process **[docket entry no. 64]** and the Plaintiff's Motion for Leave of Court for an Extension of Time to Serve the Defendants **[docket entry no. 74]**. Having considered said Motions, the Parties' opposition thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

Plaintiff Rudy Chestang filed his Complaint against the Defendants Alcorn State University ("Alcorn State") and the Mississippi Board of Trustees of State Institutions of Higher Learning ("Board of Trustees") on June 10, 2009 in the Northern District of Illinois, and the case was transferred to this Court on April 19, 2010. Shortly thereafter, Magistrate Judge Roper, recognizing that Alcorn State and the Board of Trustees had not

been properly served,[1] ordered Chestang to file a Motion for Leave to Allow Out of Time Service because 120 days had passed since he had filed his Complaint. See June 15, 2010 Text Order Entry. Chestang, however, failed to comply in a timely manner. Therefore, on May 27, 2011, almost a year later, Alcorn State and the Board of Trustees filed their present 12(b)(5) Motion requesting that the Complaint against them be dismissed for insufficient service of process. Only after the Defendants filed this Motion did Chestang comply with Judge Roper's Order. See docket entry no. 74.

The competing Motions by the Parties address the same issue: whether the Court should dismiss the claims against the Defendants or whether it should permit Chestang additional time for service. The Defendants cite two compelling reasons why the Court should rule in their favor. At the time of filing their Motion to Dismiss (1) Chestang had yet to serve the Defendants within two years (731 days) of filing his Complaint, and (2) he had not followed the Court's Order. In response, Chestang claims that his prior counsel, an Illinois-based attorney, attempted to serve both Defendants but was unaware of Mississippi Rule of Civil Procedure 4(d)(5)'s requirement that a complaint and summons must be served on Mississippi's Attorney General to effectuate service on a state institution. Further, Chestang asks the Court to grant his Motion

---

[1] Chestang erroneously served the President of Alcorn State instead of the Attorney General of the State of Mississippi, as required by Mississippi Rule of Civil Procedure 4(d)(5).

so that justice may be served and irreparable harm avoided.

## II. Failure to Properly Serve Complaint

The Defendants argue that Chestang's actions against them should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Rule 4(m) permits a district court to dismiss a case without prejudice if a plaintiff fails to comply with its mandates. Millan v. USAA Gen. Indemn. Co., 546 F.3d 321, 325 (5th Cir. 2008)(citing Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996)). If, however, a plaintiff can establish good cause for failing to serve a defendant, the court must extend the time for service. Id. Good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." Lambert v. United States, 44 F.3d 296, 299 (5th Cir. 1995).

1.   *Whether Good Cause Exists*

In the present case, there is no question that Chestang lacks good cause for failing to serve the Defendants. Chestang's only argument in this respect appears to be that his former Illinois

counsel was ignorant of Mississippi Rule of Civil Procedure 4--an explanation that is insufficient to establish good cause. See id. Further, this excuse is particularly unavailing since within a week of present counsel's appearance in this case, Magistrate Judge Roper put him on notice of this procedural defect. See docket entry no. 51 and July 8, 2010 Text Order. The better argument, and the one that Chestang primarily advances, is that the Court should exercise its discretionary authority to permit him to serve the Defendants because otherwise it is likely that his claims would be barred.

> 2. *Whether the Court Should Exercise Its Discretionary Authority*

Chestang is correct that even if he lacks good cause under Federal Rule of Civil Procedure 4(m) the Court has discretionary power to extend the time for service. Millan, 546 F.3d at 325. In particular, a discretionary extension may be warranted, "[when] the applicable statute of limitations would bar the refiled action . . . ." Id. (quoting Federal Rule of Procedure 4(m)'s advisory committee note (1993)). As stated in the Court's May 17, 2011 Order, the Complaint does not indicate when the events that form the basis of this lawsuit allegedly occurred, but the Court surmises that they took place primarily in the spring of 2008. As it is now the fall of 2011, the Court finds it highly probable that the statutes of limitations on all of Chestang's claims have run. See Jones v. B.L. Develop. Corp., 940 So. 2d 961, 964-65, 67 (Miss.

Ct. App. 2006)(holding a one-year statute of limitations governs claims for assault and battery and intentional infliction of emotional distress arising out of sexual harassment); Cuvillier v. Taylor, 503 F.3d 397, 401 (Miss. 2007) (holding 1983 suits borrow from the forum state's general personal injury limitations period which, in Mississippi, is three years); Menard v. Bd. of Trustees of Loyola Univ., 2004 WL 856641, *6 (E.D. La. 2004)(looking to Louisiana law for statute of limitations on Title IX claim; presumably Title IX claims in Mississippi would borrow the three-year Mississippi general personal injury limitations period).

Where the applicable statute of limitations likely bars further litigation, the Fifth Circuit reviews dismissals for want of service of process under the heightened standard used to review a dismissal with prejudice. Millan, 546 F.3d at 326. Dismissals with prejudice are warranted only where "'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" Id. (quoting Gray v. Fid. Acceptance Corp., 634 F.2d 226, 227 (5th Cir. 1981)). Additionally, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors:(1)delay caused by the plaintiff himself and not his attorney;(2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. Id. (citing Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986)).

This is the second time that Chestang has asked this Court for more time to serve a defendant in this case. On May 17, 2011, the Court issued an Order denying Defendant Simpson's Motion to Dismiss for Insufficient Service of Process, despite the fact that Chestang failed to comply with Rule 4(m)'s requirements and was unable to show good cause for his failure. The Court's justification for doing so was that there was "neither a clear record of delay or contumacious conduct nor any of the relevant aggravating factors to justify dismissal." See docket entry no. 62, pgs. 8-9. In reaching that conclusion, the Court found the following facts relevant: (1) the delay in service was minimal; (2) Chestang had exhibited no "stubborn resistance to authority"; (3) Simpson was not prejudiced because he received the Complaint shortly after the law suit was filed.

In this situation, however, the Court reaches the opposite conclusion. Here, multiple aggravating factors are present. First, the delay in service is significant and weighs heavily in favor of dismissal. 731 days passed from the time Chestang filed his suit with no service of process. Other courts have dismissed with prejudice cases for lesser periods of inactivity. See Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 419 (5th Cir. 2006)(almost 600 days); Veazey v. Young's Yacht Sale & Serv., Inc., 644 F.2d 475, 477 (5th Cir. 1981)(almost two years). Chestang's lengthy delay in serving process on Alcorn State or the Board of

Trustees coupled with his previous delinquent service of process on Defendant Simpson establishes a "clear record of delay" and alone constitutes sufficient grounds for the Court to impose the harsh sanction of dismissal with prejudice. See Veazey, 644 F.2d at 477 (holding that a twenty-one (21) month period between filing the complaint and serving the defendant evidence "a clear record of delay"). Secondly, Chestang's attorney was ordered to file a request for an extension of time within which to serve the Defendants but waited almost a year to do so. Judge Roper's Order put Chestang's counsel on notice of this procedural oversight and, as an officer of the court, he had an obligation--to the Court and to his client--to comply with its Order.

Although the Defendants have not demonstrated to this Court the particular ways in which they might be prejudiced if the Court were to grant Chestang additional time to serve them, in this case prejudice can be inferred from the length of delay. The Fifth Circuit has stated that "[d]elay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations." Veazey, 644 F.2d at 478 (citing Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir. 1968); Howmet Corp. v. Tokyo Shipping Co., 318 F. Supp. 658 (D.C. Del. 1970). Again, more than three years have passed since the time of the alleged incident, and the Court deduces from Chestang's two-year-delay that the Defendants would not have the same access to witnesses and

documents as they would if Chestang had served them within the period of time required by Rule 4(m).

### III. Disposition

The final question for the Court is whether sanctions other than dismissal are appropriate in this circumstance. The Court recognizes, and case law makes abundantly clear, that dismissal of a plaintiff's claims with prejudice is an extreme sanction and should be exercised cautiously. See, e.g., Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). In order to avoid the harshness of this potential disposition, the Court is instructed to impose lesser sanctions on the plaintiff where such sanctions may "better serve the interests of justice." Brown v. Thompson, 430 F.2d 1214, 1216 (5th Cir. 1970). This is especially true when the delay appears to be attributable entirely to the plaintiff's counsel. See Veazey, 644 F.2d at 478.

After reviewing each of the aggravating factors discussed above and noting in particular that courts have dismissed with prejudice cases with shorter periods of inactivity than the case at bar, the Court finds dismissal with prejudice is appropriate because of Chestang's clear record of delay in this case.[2] See id.

---

[2] With respect to whether this pattern of delay was the direct responsibility of plaintiff's counsel, the Court notes that Chestang bears some responsibility for twice hiring attorneys who have failed to comply with Rule 4. See Link v. Wabash R. Co., 370 U.S. 626, 633 (1962). ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected

Pursuant to Rule 4(m)'s instruction, however, the Court will dismiss Chestang's Complaint without prejudice so that he may refile it. The Court makes no finding about the statute of limitations defense.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss for Insufficient Service of Process [**docket entry no. 65**] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff's Request for an Extension of Time to Serve the Defendants [**docket entry no. 74**] is **DENIED.**

**IT IS FURTHER ORDERED** the Plaintiff's Complaint against Alcorn State and the Board of Trustees is **DISMISSED without prejudice.**

**SO ORDERED AND ADJUDGED,** this the 12th day of December 2011.

          /s/ David Bramlette
          UNITED STATES DISTRICT JUDGE

---

agent.").